**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| COURTNEY AJNA EL a/k/a COURTNEY SIMONE COFIELD, | ) CASE NO. 1:22-CV-00869 ) |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING ) ) |
| vs. | ) ) |
| THE CBE GROUP, INC., BOYD W. GENTRY, LAW OFFICE OF BOYD W. GENTRY, LLC, | ) **MEMORANDUM OPINION AND** ) **ORDER** ) ) ) |
| Defendants. | ) ) ) |

Before the Court is Defendants The CBE Group, Inc. ("CBE"), Boyd W. Gentry ("Gentry"), and the Law office of Boyd W. Gentry, LLC's (the "Law Office") (collectively "Defendants") Motion to Dismiss (ECF No. 19). For the following reasons, the Motion is GRANTED.

**I.     BACKGROUND**

**A. Factual Background**

Plaintiff Courtney Ajna El ("Plaintiff") brought this action against Defendants under the Fair Debt Collection Practices Act (hereinafter "FDCPA" or the "Act"), 15 U.S.C. § 1692, alleging that she was subjected to abusive, deceptive, and unfair debt collection practices from Defendants. (ECF No. 16, Am. Compl. at PageID #128). She also brought claims of unpaid invoice and irreparable harm against Gentry and the Law Office. (*Id*. at PageID #134-35).

**1. The CBE Group, Inc.**

On December 4, 2020, CBE issued a debt collection notice (the "Debt Notice") to Plaintiff on behalf of the Internal Revenue Service ("IRS") reflecting an income tax debt owed in the

1

amount of $3,116.40. (ECF No. 16-3, Debt Notice at PageID #154). The Debt Notice indicated Plaintiff has a delinquent 1040 income tax return. (*Id.*). Plaintiff alleged that she does not owe a tax liability to the IRS, since she "never received income while employed"; she asserted it was compensation received. (ECF No. 16, Am. Compl. at PageID #128). Plaintiff also alleged that by issuing the Debt Notice, CBE furnished her with deceptive forms and misrepresented the debt, "which is reflected in a positive amount." (ECF No. 16, Am. Compl. at PageID #131). On January 6, 2021, Plaintiff sent a cease-and-desist notice (the "Cease Notice") to CBE stating in part:

> "I, the Consumer am notifying you the debt collector in writing to cease all further communication and debt collection activities against me. This is also my refusal to pay the alleged debt." (ECF No. 16-1, Cease Notice at PageID #138).

On January 15, 2021, Plaintiff responded to the Debt Notice with a Debt Validation Letter (the "Letter"). (ECF No. 16-2, Letter at PageID #146). Plaintiff asserted that CBE falsely represented the "character and amount" of the tax debt by requesting she pay "something that is already reflected as a positive amount," therefore nothing was due, and the debt was already paid. (*Id.*). Plaintiff alleged that CBE failed to cease communication with her, despite CBE receiving the Cease Notice in January 2021. (ECF No. 16, Am. Compl. at PageID #129, 134).

On February 6, 2021, Plaintiff sent CBE an invoice (the "Invoice") in the amount of $28,000. (ECF No. 16-3, Invoice at PageID #149). The Invoice indicates that CBE owed Plaintiff for the following alleged conduct:

- Prohibited communications in violation of the Cease Notice and Section 1692c(c);
- Contacting third parties more than once in violation of Section 1692b(3);
- Prohibited communications practices in violation of Sections 1692c(a)(2) and c(a)(3);
- Harassment or abuse in violation of Sections 1692d and 2d(d);
- Fraud and swindles in violation of 18 U.S.C. § 1341; and
- Fictitious name or address in violation of 18 U.S.C. § 1342.

(*Id.*). Plaintiff further alleged that CBE received the Invoice on February 10, 2021 and failed to pay it. (ECF No. 16, Am. Compl. at PageID #134-35). In an effort to resolve her issues, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (the "CFPB Complaint"), stating that fair resolution for "the mental stress and anguish" she experienced following CBE's communications and FDCPA violations was compensation. (ECF No. 16-4, CFPB Compl. at PageID #166-68).

### 2. Boyd W. Gentry and the Law office of Boyd W. Gentry, LLC

Gentry and the Law Office represent CBE in this matter. Plaintiff named Gentry and the Law Office as defendants in the Amended Complaint, alleging they are debt collectors under 15 U.S.C. § 1692a(6); she asserts, "CBE and the [Law Office] are a corporate body acting through [Gentry]," and Gentry and the Law Office failed to disclose their status as debt collectors in violation of § 1692e(11). (ECF No. 16, Am. Compl. at PageID #128, 130-131). Plaintiff also alleges that Boyd falsely represented himself as an attorney during a telephonic case management conference held on August 17, 2022 in this action. (*Id.* at 131).

### B. Procedural Background

On May 25, 2022, Plaintiff filed a Complaint and Request for Injunction against CBE (ECF No. 1). She subsequently filed an Amended Complaint and Request for Injunction (ECF No. 16) on September 1, 2022, adding Gentry and the Law Office as Defendants. On September 15, 2022, Defendants filed their Motion to Dismiss; Plaintiff filed her Opposition (ECF No. 23) on September 27, 2022. Defendants subsequently filed their Reply in Support of the Motion (ECF No. 27) on October 11, 2023.

## II. STANDARD OF REVIEW

A party may move to dismiss a claim against it when the claimant has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the complaint's legal sufficiency. *Riddle v. Egensperger*, 266 F.3d 542, 550 (6th Cir. 2001). When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Naked assertions, recitals of elements, and legal conclusions will not withstand a 12(b)(6) inquiry. *Id.* "Factual allegations must . . . raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir.1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Lillard,* 76 F.3d at 726; *Bassett v. National Collegiate Athletic Ass'n* 528 F.3d 426, 437 (6th Cir.2008) (quotation omitted). The court is not "required to create a pro se litigant's claim for her." *Id.* (quotation and alternation omitted).

### III. LAW AND ANALYSIS

A. **Fair Debt Collection Practices Act Applicability**

The FDCPA applies to consensual consumer transactions where parties negotiate or contract for consumer related goods or services. *Dunlap v. Douglass*, 2014 WL 4076146, at *3 (S.D.Ohio Aug. 14, 2014); (citing *Kelly v. Montgomery Lynch & Associates, Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *3 (N.D.Ohio Apr. 15, 2008)). "It is the purpose of this [Act] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action *to protect consumers against debt collection abuses*." 15 U.S.C.S. § 1692(e) (emphasis added).

1. **<u>Plaintiff's income tax liability is not a debt as defined by the FDCPA.</u>**

It is worth noting at the outset that Plaintiff unexplainably and erroneously argues that the $3,116.40 income tax debt in the Debt Notice was "reflected in a positive amount," indicating that the debt was already paid. (ECF Nos. 16, Am. Compl. at PageID #131; 16-2, Letter at PageID #146). However, the "ACCOUNT SUMMARY (Balance Due)" section of the Debt Notice clearly indicates there is a "Balance Due" in the amount of $3,116.40. (ECF No. 16-3, Debt Notice at PageID #154). Plaintiff failed to make any factual allegations or provide any evidence to support her allegation that the debt was actually paid. Accordingly, the Court finds that the plain language of the CBE Notice is clear that Plaintiff owes an income tax debt of $3,116.40.

Defendants argue that Plaintiff's income tax debt does not qualify as consumer debt for the purposes of an action brought pursuant to the FDCPA. (ECF No. 19, Mot. to Dismiss at PageID #226). Plaintiff argues that her claims are cognizable under the FDCPA because Section 1692a(5) defines debt as meaning "any obligation," and IRS debts are obligations, therefore they qualify as consumer debts. (ECF No. 23, Opp. at PageID #358). However, Plaintiff only provides part of the definition in support of her argument. The Act defines "debt" as "any obligation or alleged

obligation of a *consumer* to pay money *arising out of a transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) (emphasis added). The Court now turns to the question of whether Plaintiff's income tax debt is considered consumer debt under the Act.

Although the Sixth Circuit has not decided the specific question of whether tax debt is considered consumer debt under the Act, it has distinguished tax debts from consumer debts. *See In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000) (holding federal income tax debt is not considered consumer debt in bankruptcy actions.). In analyzing the difference between income tax and consumer debt, the Sixth Circuit explained that income tax liability is imposed by the government for public welfare, and is involuntarily incurred; whereas consumer debts arise from consumption for personal, family, or household purposes, normally involve the extension of credit, and are incurred by choice. *Id.* Courts in the Sixth Circuit have consistently extended the analysis and holding in *Westberry* to the question of whether income tax debt is considered consumer debt under the FDCPA. *See Dunlap*, 2014 WL 4076146 at *4 (holding "consistent with the weight of precedent…income taxes are not "debt" as defined by the FDCPA); *Feck v. Sprigg,* No. C–1–00–336, 2001 WL 897725, at *1 (S.D. Ohio June 11, 2001); *Klock v. United Collection Bureau*, No. 3:21 CV 1888, 2022 WL 562470, *2 (N.D.Ohio Feb. 24, 2022).[1] This Court finds the cited precedent to be persuasive authority that income tax debts are not debt as defined by the FDCPA. Accordingly, Plaintiff's income tax debt is not a debt as defined by the Act, because it is not a debt arising from a consumer transaction. Therefore, the Court finds that Plaintiff's tax debt is not within the purview of the FDCPA.

    2. **<u>Defendants are not considered debt collectors under the FDCPA.</u>**

---

[1] The Second and Third Circuit courts have held that income tax debts are not considered debts for purposes of the FDCPA. *See, e.g. Beggs v. Rossi,* 145 F.3d 511, 512 (2d Cir.1998); *Staub v. Harris,* 626 F.2d 275 (3d Cir.1980).

Gentry and the Law Office act only as defense counsel in this action, not as debt collectors. The FDCPA imposes liability upon debt collectors engaging in prohibited debt collection practices. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); . The Sixth Circuit held that in order to establish liability for such conduct, defendants must be "debt collectors" as defined in the Act. *Id.* The Act defines a debt collector as any person who "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Although some attorneys may be considered debt collectors under the FDCPA, Plaintiff has not provided evidence that Gentry and the Law Office have engaged in conduct that would classify them as debt collectors here.[2] Plaintiff incorrectly relies on a Ninth Circuit case, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994), to allege that Gentry and the Law Office are debt collectors, but she does not allege any facts or provide any evidence that they actually engaged in any debt collection practices. (ECF No. 16, Am. Compl. at PageID #130). In *Fox,* the Ninth Circuit held that an attorney was a debt collector under the FDCPA because there was "no question that [the attorney] 'regularly collects or attempts to collect, directly or indirectly, debts owed or due…another.'" *Fox*, 15 F.3d at 1513.

Here, there are no facts alleged or evidence of Gentry and the Law Firm attempting to actually collect Plaintiff's tax debt. Plaintiff argues that "Boyd is admitting to participating in interstate commerce by exchanging services for money across state borders which makes him a debt collector as defined by the FDCPA." (ECF No. 23, Opp. at PageID #358). Just as she did

---

[2] In their Reply in Support, Defendants argue that Plaintiff has tried making similar claims against an attorney in a previous case, where the court ultimately found that Plaintiff failed to show that defense counsel in that case was indeed a debt collector who regularly collects, or attempts to collect debts. (ECF No. 19, PageID #231). (citing *Ajna El v. Ally Financial*, No. 4:21CV19 (E.D.Tenn Mar. 15, 2022).

with the definition of "debt," Plaintiff again only addresses part of the Act's definition of debt collector. It defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts* owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) (emphasis added). Plaintiff's allegations that Gentry and the Law Office meet this definition of debt collector are conclusory and unsupported. As a result, Plaintiff has failed to make any plausible claim that they are debt collectors for purposes of the FDCPA.

### 3. This Court lacks subject matter jurisdiction over Plaintiff's FDCPA, Unpaid Invoice and Irreparable Injury claims.

Federal Courts are courts of limited jurisdiction and possess only that power authorized by the U.S. Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); 28 U.S.C. § 1331. Claims are presumed to lie outside this limited jurisdiction and the burden to establish jurisdiction rests upon the party asserting jurisdiction. *Id.* Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

In this matter, Defendants have not raised the issue of subject matter jurisdiction. Nonetheless, the Court addresses the issue *sua sponte*. Counts V and VI of the Amended Complaint allege that Plaintiff's invoice to CBE in the amount of $28,000 has not been paid and that Plaintiff has suffered irreparable injury including, but not limited to, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and nightmares. (ECF No. 16, Am. Compl. at PageID #134-35). Plaintiff provides no basis for this Court's jurisdiction over these claims.

Accordingly, this Court lacks subject matter jurisdiction over these claims, and they are dismissed. Moreover, because this Court finds that Plaintiff's FDCPA allegations fail to state any cognizable claim under the Act, they too are dismissed for lack of subject matter jurisdiction. *See Dunlap*, 2014 WL 4076146 (dismissing the plaintiff's FDCPA claims for lack of subject matter jurisdiction after finding that the unpaid income taxes were outside the scope of the FDCPA).

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 19) is GRANTED. Plaintiff's Complaint fails to state any claim upon which relief may be granted and fails to establish the Court's subject matter jurisdiction over this case.

**IT IS SO ORDERED.**

Date: July 14, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**