**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COURTNEY AJNA EL, | ) | CASE NO. 1:22-CV-869 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CBE GROUP INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Courtney Ajna El's ("Plaintiff") Motion for Relief from Final Judgment. (ECF No. 50). The Motion seeks relief from the Order granting Defendants' motion to dismiss (ECF No. 47). Plaintiff asserts three grounds for relief from judgment under Federal Rule of Civil Procedure 60. For the reasons stated herein, Plaintiff's Motion is **DENIED**.

**Fed. R. Civ. P. 60(b)(1)**

Under Rule 60(b)(1), Plaintiff argues that relief is appropriate due to "mistake, inadvertence, surprise, or excusable neglect." (ECF No. 50, PageID #617). "In order to receive Fed. R. Civ. P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense." *Merriweather v. Wilkinson*, 83 Fed.Appx. 62, 63 (6th Cir. 2003); (citing *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). "Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1). *Id.*; (citing *FHC Equities, L.L.C. v. MBL Life Assurance Corp.,* 188 F.3d 678, 685–87 (6th Cir.1999); *Saxion v. Titan–C–Mfg., Inc.,* 86 F.3d 553, 558 n. 1 (6th Cir.1996)).

Plaintiff states that "circumstances leading to the judgment were unforeseen and beyond Plaintiff's control, which prevented her from adequately presenting her case". (*Id.*). Plaintiff also

claims that she "can provide evidence that Boyd and the firm engaged in conduct that would classify them as debt collectors." (*Id.*). She does not identify the circumstances that prevented her from adequately presenting her case, or how they did so. She also does not explain why the alleged information she purports to have was not made known to the Court before now. The dismissal issue was fully briefed more than nine months ago. The motion to dismiss was filed on September 15, 2022 (ECF No. 19), Plaintiff filed her response in opposition on September 27, 2022 (ECF No. 23), and Defendants filed their reply in support of the motion on October 11, 2022 (ECF No. 27). Neither in the briefing of the dismissal issue, the motion for relief from judgment, or otherwise has Plaintiff presented information/evidence sufficient for the Court to find that Defendants are "debt collectors" for purposes of the FDCPA. (ECF No. 47, PageID #605-607). Plaintiff is not entitled relief from judgment under Rule 60(b)(1).

### Fed. R. Civ. P. 60(b)(2)

Under Rule 60(b)(2), Plaintiff alleges that she discovered new evidence "[a]fter the dispositive motions were filed…" that would have "potentially resulted in a different verdict." (ECF No. 50, PageID #617-618). "In order to prevail on a Rule 60(b)(2) motion, a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information' and (2) that 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quoting *New Hampshire Ins. Co. v. Martech U.S.A., Inc.,* 993 F.2d 1195, 1200–01 (5th Cir.1993) (footnote and citation omitted)). "The evidence cannot be merely impeaching or cumulative." *Id.*; *See Yachts Am., Inc. v. United States,* 779 F.2d 656, 662 (Fed.Cir.1985), *cert. denied sub nom. Wilson v. United States,* 479 U.S. 832, 107 S.Ct. 122, 93 L.Ed.2d 68 (1986).

Plaintiff gives no indication of what the alleged new evidence is, exactly when it was discovered, or why it could not have been presented prior to the Court's order of dismissal. These bare bones assertions are not sufficient to warrant relief from judgment under Rule 60(b)(2).

**Fed. R. Civ. P. 60(b)(3)**

Finally, under Rule 60(b)(3), Plaintiff reasserts her previously raised claims of fraud, misconduct, etc. (ECF No. 50, PageID #618). She asserts that these allegations warrant relief from judgment. To establish grounds for relief under Rule 60(b)(3), the moving party must show that the adverse party's conduct was fraudulent under the common law understanding of fraud. *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 456 (6th Cir. 2008) (Defining fraud as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment").

In the order granting Defendants' motion to dismiss, the Court, *sua sponte*, found that Plaintiff had not established the Court's subject matter jurisdiction over this case. (ECF No. 47, PageID #607-608). Plaintiff's fraud and related allegations had been presented to and considered by the Court at the time of the dismissal order. (See ECF No. 44). Plaintiff presents no newly discovered allegations of fraud in her motion for relief. She, therefore, is not entitled to relief from judgment under Rule 60(b)(3).

Based on all of these considerations, Plaintiff's Motion for Relief from Final Judgment (ECF No. 50) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 19, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**